[No. 21034. Department Two. March 27, 1928.]

The State of Washington, *Appellant*, v. Theodore Sterling, *Respondent*.[1]

[1] Criminal Law (344)—New Trial (12)—Error in Conduct of Trial—Consideration of Evidence Not in Case. Under the rule that presumptions of regularity obtain in favor of judgments of courts of general jurisdiction, an order granting a new trial on the ground of improper admission of evidence will be upheld on appeal, in the absence of the affidavits therefor considered by the court.

Appeal from an order of the superior court for Cowlitz county, Kirby, J., entered July 6, 1927, granting a new trial, after a trial and conviction of unlawful possession of intoxicating liquor. Affirmed.

*Joseph A. Mallery, Cecil Hallin,* and *J. E. Stone,* for appellant.

*John T. Casey,* for respondent.

Fullerton, J.—The respondent, Sterling, was convicted in a justice's court of a violation of the liquor laws. He appealed to the superior court from the judgment of conviction, and was there tried for the same offense before a jury, who returned a verdict against him. He then moved for a new trial on the ground, among others, that the jury, in their deliberations on the case, considered evidence, papers and documents not properly in the case; supporting the motion by affidavits. The trial court granted the motion on the ground stated, and the state appeals from the order.

[1] While the state has brought into this court a transcript of the evidence introduced at the trial, it has not brought the affidavits considered by the court

¹Reported in 265 Pac. 472.

in granting the motion for a new trial. The only question before us, therefore, is, are the grounds stated in the motion sufficient to support the order granting a new trial. Unquestionably, we think they are. It is not, of course, every admission to the jury of inadmissible or improper evidence, or every consideration of improper evidence by the jury, that will warrant a court in granting a new trial. The evidence improperly admitted or considered must be of such import that it can be reasonably presumed that the jury were prejudiced by it against the party complaining. But here, since we do not know the nature of the evidence considered by the jury, we are not in a situation to determine whether it was prejudicial or otherwise. We are thus obligated to grant to the order of the trial court that presumption of regularity that always obtains in favor of the orders and judgments of courts of general jurisdiction; we must, in other words, presume that the objectionable evidence was prejudicial in its nature.

The order appealed from must be affirmed, and it is so ordered.

MAIN, HOLCOMB, and ASKREN, JJ., concur.